IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN ANTHONY BUTLER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-07-2103 |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Steven Anthony Butler is a Texas death row inmate. He has filed a motion for relief from judgment. For the following reasons, Butler's motion will be denied.

### I.  Background

Butler was convicted of capital murder and sentenced to death for murdering the cashier of a dry cleaning store during the course of a robbery. The Texas Court of Criminal Appeals ("TCCA") affirmed Butler's conviction and sentence, Butler v. State, 790 S.W.2d 661(Tex. Crim. App. 1990), and denied his application for post-conviction relief, Ex parte Butler, No. 41,121-01 (Tex. Crim. App. April 28, 1999). On June 19, 2003, Butler filed a successive state habeas application arguing that the Eighth Amendment barred his execution because he is mentally retarded, see Atkins v.

_Virginia_, 536 U.S. 304 (2002), along with several other claims. The TCCA remanded the _Atkins_ claim to the trial court for findings of fact and conclusions of law, and dismissed the other claims as an abuse of the writ.  On March 30, 2007, the trial court entered findings of fact and conclusions of law and recommended denying relief on Butler's _Atkins_ claim.   On June 27, 2007, the TCCA adopted those findings and conclusions and denied relief.  The same day Butler filed his federal habeas petition, and on August 30, 2007, he filed an amended petition.  On September 4, 2008, this Court denied Butler's amended petition but granted a certificate of appealability on his _Atkins_ claim.

On April 1, 2013, Butler filed this motion for relief from the judgment of this court under Rule 60(b)(6) of the Federal Rules of Civil Procedure.  Butler seeks relief from that portion of the judgment denying relief on his _Atkins_ claim.

## II.  Analysis

Rule 60(b)(6) provides that a court may grant relief from a judgment for any reason that justifies relief.  Butler notes that Dr. George Denkowski, who testified as an expert for the State in Butler's _Atkins_ hearing, has been censured by the Texas State Board of Examiners of Psychologists ("the Board") for violating professional standards.  Among the sanctions imposed is a ban on Denkowski conducting any further evaluations for mental retardation in criminal proceedings.  Rule 60(b) motion, Appendix 1.  Butler

-2-

now argues that the findings of the Board undermine Denkowski's conclusions in this case, and require relief from this Court's judgment denying relief on Butler's <u>Atkins</u> claim.

As noted in this Court's Memorandum and Order denying Butler's petition, under Texas law, a diagnosis of mental retardation requires (1) significantly sub-average intellectual functioning, (2) deficits in adaptive functioning, and (3) onset before age 18. Butler correctly points out that this Court's conclusion that Butler failed to prove by clear and convincing evidence that the state court's finding that he does not have significantly sub-average intellectual functioning was unreasonable was based, in large part, on  the fact that Denkowski was qualified as an expert in mental retardation, and his testimony supports the state court's findings.   This Court felt compelled to do so under the extremely deferential standard of review mandated by the Antiterrorism and Effective Death Penalty Act. <u>See</u> 28 U.S.C. § 2254(d).  With the censure from the Board, Denkowski's opinions are now deserving of no weight, thus calling into serious question this Court's conclusion on the question of Butler's intellectual functioning.

As noted above, however, a showing of mental retardation requires proof of all three elements:  significantly sub-average intellectual functioning, deficits in adaptive functioning, and onset before age 18.  In addition to finding that the state court's conclusion that Butler did not have significantly sub-average

-3-

intellectual functioning was reasonable, this Court also found reasonable the state court's conclusion that Butler does not have deficits in adaptive functioning. Butler now argues that the trial court's conclusions on this point were also heavily influenced by Denkowski's opinions.

A review of this Court's previous Memorandum and Order makes clear that the state habeas court relied on substantial evidence other than Denkowski's opinion. Moreover, this Court gave virtually no weight to Denkowski's opinion on this issue. Instead, this Court found that the state court's conclusion was amply supported by, among other things, Butler's trial testimony, his employment history, his ability to maintain his personal hygiene, his ability to form and maintain friendships, and the level of reading material found in his death row cell. See generally, Memorandum and Order at 36-49. Because the Denkowski censure does not significantly impact the analysis of Butler's adaptive functioning, Butler still fails to demonstrate that the state habeas court's ultimate conclusion that he is not mentally retarded "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Therefore, Butler is not entitled to relief from the judgment.

-4-

### III.  <u>Conclusion</u>

For the foregoing reasons, Butler's Motion for Relief From Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) (Docket Entry No. 42) is **DENIED**.  No certificate of appealability shall issue.

**SIGNED** at Houston, Texas, on this _25th_ day of March, 2014.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE
