United States District Court
Southern District of Texas
**ENTERED**
February 28, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEVEN ANTHONY BUTLER, § <br> § <br> Petitioner/Defendant, § <br> § <br> v. § <br> § <br> LORIE DAVIS, Director, § <br> Texas Department of Criminal § <br> Justice, Correctional § <br> Institutions Division, § <br> § <br> Respondent/Plaintiff. § | CIVIL ACTION NO. H-07-2103 |

## MEMORANDUM OPINION AND ORDER

Petitioner, Steven Anthony Butler, currently in the custody of the Texas Department of Criminal Justice ("TDCJ"), was convicted of capital murder and sentenced to death for the murder of Velma Clemons during a robbery. The court denied Butler's Amended Petition for Writ of Habeas Corpus (Docket Entry No. 9), and subsequently denied Petitioner's Motion to Vacate Judgment (Docket Entry No. 31). Among the claims raised and rejected in Butler's Amended Petition was a claim that Butler's trial counsel rendered ineffective assistance by failing to investigate Butler's life and mental health history. Butler argues that counsel should have used information about his life history to have Butler declared incompetent to stand trial, and as mitigating evidence during the penalty phase of Butler's trial. This court declined to address that claim because it was procedurally defaulted.

After the court issued its decision, the Supreme Court decided Martinez v. Ryan, 132 S. Ct. 1309, 1318-19 (2012). The Fifth Circuit subsequently remanded this case for review of Butler's ineffective assistance of counsel claim in light of Martinez. Having carefully considered the claim and the arguments and authorities submitted by counsel, the court concludes that Butler cannot overcome his procedural default, and is not entitled to a writ of habeas corpus.

## I. Background

On August 27, 1986, Butler, armed with a handgun, entered a dry cleaning store and demanded that the cashier give him the store's money. The cashier, Velma Clemons, resisted. Butler threw Clemons to the floor and shot her to death.

During the penalty phase of Butler's trial, the State proved that Butler committed "ten different robberies[,] . . . killed two clerks in separate robberies, shot a third clerk in another robbery, and sexually assaulted clerks in two other robberies." Ex parte Butler, 416 S.W.3d 863, 864 (Tex. Crim. App. 2012) (Cochran, J., concurring). The Texas Court of Criminal Appeals ("TCCA") affirmed Butler's conviction and sentence, Butler v. State, 790 S.W.2d 661 (Tex. Crim. App. 1990) (remanding for findings of fact and conclusions of law on the voluntariness of Butler's confession) and 872 S.W.2d 227 (Tex. Crim. App. 1994) (opinion after remand), and denied Butler's first state application

for habeas corpus, Ex parte Butler, No. 41,121-01 (Tex. Crim. App. April 28, 1999). This court denied Butler's Petition for Writ of Habeas Corpus By an Incompetent Person in State Custody, Butler v. Quarterman, No. 4:07-cv-2103 (S.D. Tex. Sept. 4, 2008) (Docket Entry No. 29), and subsequently denied Butler's Motion to Vacate Judgment (Docket Entry No. 38).

On April 1, 2013, Butler filed a Motion for Relief from the Judgment seeking relief from that portion of the judgment denying relief on his claim that he is intellectually disabled.[1] The court denied that motion on March 25, 2014 (Docket Entry No. 48).

The Fifth Circuit affirmed the court's denial of relief in part, but remanded a single issue for reconsideration in light of Martinez. Butler v. Stephens, 625 F. App'x 641 (5th Cir. 2015). The parties subsequently filed supplemental briefs on the remanded issue.

## II. Analysis

The only claim now before this court is Butler's claim that trial counsel rendered ineffective assistance by failing to conduct a thorough investigation of Butler's background. There is no dispute that, as this court previously found, this claim is procedurally defaulted. Thus, the threshold issue this court must

---

[1] "Intellectual disablity" is the diagnostic term now used for what used to be called mental retardation. See Hall v. Florida, 134 S. Ct. 1986, 1990 (2014).

resolve is whether Butler can demonstrate cause for his default, and prejudice flowing from the default.

In Martinez the Supreme Court carved out a narrow equitable exception to the rule that a federal habeas court cannot consider a procedurally defaulted claim of ineffective assistance of counsel.

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim . . . where appointed counsel in the initial-review collateral proceeding . . . was ineffective under the standards of Strickland v. Washington, 466 U.S. 668 . . . (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

Id. at 1318. Because the question of whether state habeas counsel was ineffective for failing to raise this claim depends on the strength of the underlying claim, this analysis must necessarily begin with an analysis of the merits of the underlying claim.

To prevail on a claim for ineffective assistance of counsel, petitioner

> must show that . . . counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [petitioner] by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to prevail on the first prong of the Strickland test, petitioner must demonstrate that counsel's representation fell below an objective

standard of reasonableness. Id. at 687-88. Reasonableness is measured against prevailing professional norms, and must be viewed under the totality of the circumstances. Id. at 688. Review of counsel's performance is deferential. Id. at 689.

Butler made statements to his trial counsel, Joe Cannon, which prompted Cannon to seek a competency evaluation. Butler now contends that these statements should also have prompted Cannon to conduct his own investigation into Butler's mental health, including an investigation of Butler's life history, obtaining Butler's jail, prison, and school records, and speaking to Butler's counsel from another criminal case. He contends that Cannon was ineffective because he failed to do so, and failed to provide Butler's records to the experts who evaluated Butler for competency to stand trial. Butler contends that had counsel conducted this investigation there is a reasonable probability that he would have been found incompetent to stand trial, and that counsel would have had useful mitigation evidence to present during the penalty phase of Butler's trial.

## A.  Competency to Stand Trial

Under Texas law Butler was competent to stand trial if he had: (1) sufficient present (at the time of trial) ability to consult with his lawyer with a reasonable degree of rational understanding; and (2) a rational as well as factual understanding of the proceedings against him. TEX. CODE CRIM. PROC. art. 46.02 § 1A

(Vernon 1986). The federal standard is the same. See Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam)).

Upon becoming aware that Butler might have mental health issues, counsel moved for a competency evaluation. Butler was then evaluated by two court-appointed experts, Dr. Jaime Ganc, a psychiatrist, and Dr. Ramon A. Laval, a clinical psychologist. Both of them concluded that Butler was competent to stand trial. See Competency Evaluations by Drs. Ganc and Laval, Appendices 9 and 10 to Petitioner's Supplemental Brief on Remand from the United States Court of Appeals for the Fifth Circuit ("Petitioner's Supplemental Brief"), Docket Entry Nos. 75-9 and 75-10.

While Butler now argues that evidence of his mental health history might have changed this conclusion, the question was whether Butler had the present ability to consult with his lawyers and understand the proceedings. His argument that evidence of prior or current mental health problems might have changed the results of the evaluation are thus not convincing. Competency and the presence of mental illness are not co-extensive. A defendant can be both mentally ill and competent to stand trial. The experts' conclusion that he was able to communicate with counsel and understand the charges and proceedings -- i.e., that he was competent -- is separate from the issue of whether he was mentally ill.

Moreover, counsel is entitled to rely on the opinions of qualified experts. See, e.g., McClain v. Hall, 552 F.3d 1245, 1253

(11th Cir. 2008); see also Matthews v. Davis, ___ F. App'x ___, 2016 WL 6543501 (5th Cir. 2016). Because the qualified experts concluded that Butler was competent to stand trial, counsel was not deficient by failing to conduct further investigation, at least with regard to competency. "[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Wiggins v. Smith, 539 U.S. 510, 521 (2003) (internal quotation marks and alteration omitted) (quoting Strickland, 466 U.S. at 690-91). When assessing the reasonableness of an attorney's investigation, a court must "consider not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further." Id. at 527.

The conclusions of two experts, based on their contemporaneous evaluations, that Butler was competent to stand trial made any decision not to further investigate Butler's mental health history a reasonable decision with regard to competency. Because Butler fails to demonstrate either deficient performance by counsel or a reasonable probability that he would have been found incompetent had counsel conducted additional investigation, he fails to demonstrate that his claim of ineffective assistance of counsel regarding competency is substantial. Therefore, state habeas counsel was not deficient for failing to raise this claim, and the claim is both procedurally defaulted and without merit.

## B. Mitigation Evidence

Butler argues that, in addition to questions about his competency to stand trial, indications of mental illness should have led counsel to investigate his life and mental health history. Butler argues that had counsel done so he would have discovered evidence of both mental illness and low IQ, which counsel could have used in mitigation of Butler's moral culpability and to soften the adverse evidence of Butler's future dangerousness.

Butler now presents evidence, which he contends should have been presented at trial, that he suffers from bipolar disorder. He offers an expert opinion that his string of robberies may have been an attempt to fund a drug addiction that was the result of his efforts to self-medicate. Dr. George W. Woods, Jr., a psychiatrist, opines that Butler's limited intellectual functioning[2] would have exacerbated "the bewilderment of the early phase" of his bipolar condition. Declaration of George W. Woods, Jr., M.D., Appendix 2 to Petitioner's Supplemental Brief, Docket Entry No. 75-2, p. 13 ¶ 27. Butler also notes that a fellow inmate in pretrial detention described him as "crazy," id. at Appx. 11, and comments by Butler's counsel from another case noting Butler's paranoia, id. at Appx. 12. Subsequent evaluations

---

[2]In rejecting Butler's claim that he is intellectually disabled, this court found that Butler suffers from sub-average intellectual functioning although he did not meet all of the requirements for a finding that he is intellectually disabled. See, e.g., Memorandum Opinion and Order, Docket Entry No. 29, pp. 16-25.

conducted by the Texas Department of Criminal Justice found indications of depression and paranoia. Id. at Appx. 13. Butler now argues that the jury might have found the information of his mental illness and the purported reasons for his robberies to be mitigating.

Assuming that counsel was deficient by failing to investigate and present evidence of Butler's mental health and life history, Butler nonetheless fails to satisfy Strickland's prejudice prong. In the context of a capital sentencing hearing, "the question is whether there is a reasonable probability that, absent the errors, the sentencer . . . would have concluded that the balance of aggravating and mitigating circumstances did not warrant death." Strickland, 465 U.S. at 695. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. As the Fifth Circuit succinctly framed this concept: "Is this additional mitigating evidence so compelling that there is a reasonable probability at least one juror could reasonably have determined that . . . death was not an appropriate sentence?" Neal v. Puckett, 239 F.3d 683, 691-92 (5th Cir. 2001). This requires a "substantial, not just conceivable, likelihood of a different result. Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quotation marks omitted).

While this evidence might have been mitigating to some degree, it is not enough to make it reasonably likely that Butler would not have been sentenced to death. Although Butler's argument might, in

isolation, offer some explanation for his commission of a string of robberies, it does not explain Butler's gratuitous acts of violence, including two sexual assaults, during the course of committing those robberies. Because Butler's actions went far beyond merely obtaining money to support a drug addiction, his explanations of his mental illness and alleged efforts to self-medicate do not raise a reasonable probability of a different outcome.

Because Butler fails to demonstrate that his evidence satisfies the Strickland prejudice requirement, he fails to demonstrate that his claim of ineffective assistance of counsel is substantial. Because the underlying claim is not substantial, state habeas counsel was not ineffective for failing to raise it. Therefore, Butler demonstrates neither cause for his default, nor prejudice.

### III.  Certificate of Appealability

Butler has not requested a certificate of appealability ("COA"), but this court may determine whether he is entitled to this relief in light of the foregoing rulings. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA sua sponte. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued."). A petitioner may obtain a COA

-10-

either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. See Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir. 1998); see also Hill v. Johnson, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also United States v. Kimler, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir.), cert. denied, 531 U.S. 966 (2000).

The Supreme Court has stated:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The court has carefully considered Butler's claim, and concludes that it is procedurally defaulted and without merit. The court concludes that Butler has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, Butler is not entitled to a certificate of appealability.

## IV. Conclusion and Order

For the foregoing reasons, it is **ORDERED** as follows:

1. No writ of habeas corpus shall issue; and

2. No Certificate of Appealability shall issue.

**SIGNED** at Houston, Texas, on this 28th day of February, 2017.

SIM LAKE
UNITED STATES DISTRICT JUDGE