IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN ANTHONY BUTLER, | § | |
| | § | |
| Petitioner/Defendant, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-07-2103 |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent/Plaintiff. | § | |

## ORDER DENYING
## PETITIONER'S MOTION TO VACATE JUDGMENT

Petitioner, Steven Anthony Butler, currently in the custody of the Texas Department of Criminal Justice, was convicted of capital murder and sentenced to death for the murder of Velma Clemons during a robbery. The court denied Butler's Amended Petition for Writ of Habeas Corpus (Docket Entry No. 9) and subsequently denied Petitioner's Motion to Vacate Judgment (Docket Entry No. 31). Among the claims raised and rejected in Butler's Amended Petition was a claim that Butler's trial counsel rendered ineffective assistance by failing to investigate Butler's life and mental health history. Butler argues that counsel should have used information about his life history to have Butler declared incompetent to stand trial and as mitigating evidence during the penalty phase of Butler's trial. The court declined to address that claim because it was procedurally defaulted.

After the court issued its decision, the Supreme Court decided Martinez v. Ryan, 132 S. Ct. 1309, 1318-19 (2012). The Fifth Circuit subsequently remanded this case for review of Butler's ineffective assistance of counsel claim in light of Martinez. This court reviewed the remanded claim under the standards set out in Martinez and again denied relief. (Memorandum Opinion and Order, Docket Entry No. 78) Butler then moved to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. (Petitioner's Motion to Vacate Judgment, Docket Entry No. 80)

A motion to alter or amend under Fed. R. Civ. P. 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." Schiller v. Physicians Resource Group Inc., 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." Id. Butler fails to demonstrate grounds for relief.

Butler cites no new evidence or change in controlling law. Instead, Butler largely rehashes the argument rejected by the court, and does so in the context of claiming that the court committed manifest error of law by: (1) "den[ying] relief based on its view that Mr. Butler's mental health history was irrelevant to a determination of trial competence . . . ."; and (2) "rel[ying] on the principle that 'counsel is entitled to rely on the opinions of qualified experts' . . . ." (Petitioner's Motion to Vacate

Judgment, Docket Entry No. 80, pp. 2-3, 8)  Butler fundamentally mischaracterizes the court's opinion.

Nowhere in the Memorandum Opinion and Order denying relief did the court say, suggest, or imply that "Mr. Butler's mental health history was irrelevant to a determination of trial competence." Instead, the court stated -- citing relevant Supreme Court authority -- that the controlling question in determining whether Butler was competent to stand trial was whether Butler had "(1) sufficient present (at the time of trial) ability to consult with his lawyer with a reasonable degree of rational understanding; *and* (2) a rational as well as factual understanding of the proceedings against him."  (Memorandum Opinion and Order, Docket Entry No. 78, pp. 5-6 (citing Godinez v. Moran, 509 U.S. 389, 396 (1993)))  The court further stated that "[c]ompetency and the presence of mental illness are not co-extensive. A defendant can be both mentally ill and competent to stand trial."  Id. at 6. Thus, while a defendant's mental health history may be relevant to a determination of competency, the controlling question is the defendant's <u>present</u> ability to consult with his lawyer and to understand the proceedings.  As the court noted, two contemporaneous evaluations concluded that Butler was competent.  Because Butler's argument depends on mischaracterizing the court's analysis, he fails to demonstrate any error of law in that analysis.

Butler argues that the court erred in denying his claim that counsel was ineffective for failing to investigate Butler's mental health history. The court concluded that counsel was entitled to rely on the experts' conclusions. Id. at 6-7. Butler now argues that this conclusion was erroneous because the experts were not aware of Butler's mental health history. This argument ignores the context of the court's conclusion.

The court -- again citing controlling authority -- noted the standard governing failure to investigate claims:

> "[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Wiggins v. Smith, 539 U.S. 510, 521 (2003) (internal quotation marks and alteration omitted) (quoting Strickland [v. Washington], 466 U.S. [668,] at 690-91 [(1984)]). When assessing the reasonableness of an attorney's investigation, a court must "consider not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further." Id. at 527.

Id. at 7. In concluding that counsel was reasonable in deciding not to investigate further, the court stated -- again citing relevant case law -- that "counsel is entitled to rely on the opinions of qualified experts." Id. at 6-7. The court found that two qualified experts concluded that Butler was competent, and that counsel, who was not himself a mental health expert, reasonably relied on those two expert opinions in deciding not to investigate further. That analysis is a correct statement and application of controlling law.

With regard to Butler's claim that failure to develop his mental health history was damaging to his mitgation case, the court found that he failed to satisfy the prejudice prong of Strickland v. Washington, 466 U.S. 668 (1984). Id. at 8-10. Butler does not now identify a manifest error of law, but instead merely expresses his disagreement with the court's application of the controlling law to the particular facts of this case. See Petitioner's Motion to Vacate Judgment, Docket Entry No. 80, p. 9. Butler's disagreement with the court's conclusion does not provide grounds for relief under Rule 59(e). Moreover, because the court's finding that Butler has not demonstrated manifest error is not debatable among jurists of reason, Butler is not entitled to a certificate of appealability from this Order. See Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000). Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Vacate Judgment (Docket Entry No. 80) is **DENIED**; and

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on this 23rd day of January, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE